ROGERS, J.
Plaintiff H. M. Blackman is a son, the other plaintiffs are grandchildren, and defendants are children of Alf. Black-man and his wife, Margaret Norwood Black-man, both deceased. Two other grandchildren, children of J. W. Blackman, a predeceased son, are not parties hereto.
The purpose of this suit is to annul a certain transfer of real estate made by Mrs. Margaret Blackman to the defendants, on' the ground of simulation and fraud.
Plaintiffs allege that the transfer, in the form of a sale, is a nullity because, while it recites a consideration of $2,500, no consideration was paid, and the instrument was only an attempted donation in disguise. They pray that the deed/ be declared a nullity, with recognition of their interest in said property; and, alternatively, should it be. held that said deed was valid in so far as the interest of Mrs. Blackman was concerned, that they be recognized as owners of the undivided interest coming to them from the estate of their deceased father and grandfather.
The defense is a substantial denial of the allegations of plaintiffs’ petition. It avers that the property was acquired by Mrs. Blackman from her predeceased husband by an act of giving in payment or restitution, of which plaintiffs had knowledge for many years. It denies that the transfer attacked was a simulation, or that there was any fraud attached to its execution, and avers that the deed was valid and passed for a serious consideration. It specifically alleges that defendant E. W. Blackman paid a valuable consideration for his interest; that, as to the other defendant, Mrs. Ola Brown, while she paid no money at the time of the execution of the deed, her interest in the property was transferred to her in payment for services rendered her mother for the last 10 years of her lifetime, cost of medicine, physician’s fees, board and lodging and money advanced.
The court below rejected plaintiffs’ demands, and they have appealed.
The property in question was purchased by Alf. Blackman on January 24, 1887. By an act of giving in payment or restitution, dated September 8, 1891, Alf. Blackman, transferred the property to his wife, Margaret Norwood Blackman. Under date of *962 December 14, 1914, Mrs. Blackman deeded the property to defendants. Alf. Blackman died about 20 years prior to the institution of this suit, which was filed on March 19, 1920. Mrs. Margaret Norwood Blackman died in 1917.
On the trial of the case plaintiffs made no attempt to support the allegations of their alternative demand setting up an .interest in the property by virtue of being heirs of Alf. Blackman. They apparently acquiesced in the validity of the act of restitution to Mrs. Blackman. In this court they have definitely recognized their failure to substantiate their said demand by proof, and have confined themselves entirely to the issue raised by their attack on the transfer' by Mrs. Blackman to defendants as being a disguised donation. The brief'filed on behalf of plaintiffs contains the following admission:
“In view of the deed from Mr. Blackman to his wife we will not consider the case from the point of view that the plaintiffs have any interest in the land as heirs of Alf. Blackman, and will confine ourselves to a discussion of the evidence and the law on the question of whether or not the deed from Mrs. Blackman to her two children was not a disguised donation, and should therefore be set aside as in ease of a fraud against her children and grandchildren.”
Plaintiffs rely on article 2444 of the Civil Code as the law of the case. The article reads:
“The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale.” (Writer’s italics.)
[1] From the clear language of the article itself the .burden was on plaintiffs to prove, either that no price had been paid, or that the price paid, or consideration received, was less than one-fourth of the value. This they have failed to do. They attempted to make out their case by the testimony of plaintiff H. M. Blackman and by the testimony of the defendants whom they placed on the stand under cross-examination as authorized by the statute. The witness Blackman knew nothing about the facts, as he had been absent from home for many years, and his testimony was based almost entirely upon suspicion. This, court has held, in analogous .suits, that evidence which merely casts suspicion is insufficient to cause the court to take the property from one man and give it to another. Carter v. McManus, 15 La. Ann. 641; Moore v. Wartelle, 39 La. Ann. 1068, 3 South. 384. On the contrary, the evidence of the defendants, and of the other witnesses produced by them, has convinced us, as it did the district judge, that there was ample consideration shown for the transfer. It was established 'that Mrs. Blackman lived with her daughter, Mrs. Ola Brown, for 14 years, during which time she attended her mother, lodged and bparded her, let her have money, paid for medical attention, medicine, during long spells of sickness. It was also shown that E. W. Blackman, the other defendant, for many years had assisted his father and mother on the farm, turning the proceeds of his crops over to them with the understanding that he was to receive in return therefor a deed to a one-half interest in the property, and that he had further advanced to his mother other moneys; that the deed in question was made in order to carry out the agreement made by Mrs. Blackman with the defendants.
[2] The law does not favor actions by forced heirs to undo transactions of their ancestors as done in fraud of their rights. Such actions can only succeed where the proof adduced in support thereof is convincing, if not irresistible. Moore v. Wartelle, 39 La. Ann. at page 1070, 3 South. 384, and authorities cited.
We find no error in the judgment complained of. Judgment affirined.