12 So.2d 278

BOURGEOIS et al. v. BOURGEOIS et al.
No. 36273.

Feb. 1, 1943.

Harvey Peltier, of Thibodaux, for defendants and appellants.

Pugh, Lanier & Pugh, of Thibodaux, for plaintiffs and appellees.

PONDER, Justice.

The plaintiffs, Paul Bourgeois, Mrs. Lena Bourgeois Guidry, Lucien Bourgeois, George Bourgeois and Mrs. Evelie Bourgeois Autin, children of Pierre Bourgeois and his wife, Josephine Zeringue, both deceased, brought this suit against the defendants, Miss Eulalie Marie Bourgeois and Mrs. Lucy Bourgeois LeBlanc, their sisters, who are also children of Pierre Bourgeois and Josephine Zeringue, both deceased, and Mrs. Alcidia Duguise Templet, Helaire Templet, and Ivy Templet, seeking to annul and set aside three acts of sale executed by their father, Pierre Bourgeois, before his death in September, 1938, to the defendants on the grounds of fraud and simulation. They seek to be recognized as the heirs of their deceased father and owners of an undivided one-seventh interest in the lands transferred by the acts of sale. They further ask for the issuance of a rule nisi directed to the sheriff and tax collector to show cause why the plaintiffs and their two sisters, defendants, should not be sent into possession of the property without the payment of inheritance taxes and for an accounting of the movable property left by their father, which they claim is now in the possession of their defendant sisters. They also pray that a certain mortgage given in favor of Helsire Templet be annulled, set aside and cancelled from the mortgage records of Lafourche Parish.

The defendants, in their answer, aver that the sales and mortgage were bona fide and for valuable consideration. They aver that the amounts recited in the deeds were paid to Pierre Bourgeois.

Upon trial, the lower court set aside two of the acts of sale and the mortgage complained of. The other act of sale was up-

held. The demands of the plaintiffs for the issuance of a rule to show cause why no inheritance tax was due and for an accounting of the movables or other assets left by Pierre Bourgeois at his death were dismissed as of non-suit, reserving to the plaintiffs the right to assert these demands in appropriate proceedings.

The plaintiffs have appealed. The defendants answered the appeal, asking for the judgment of the lower court to be reversed insofar as it is adverse to them.

From the pleadings and the evidence in this case, it appears that during the first part of December, 1937, Pierre Bourgeois owned as his separate and paraphernal property three tracts of land situated in the Parish of Lafourche, fronting on Bayou Lafourche; the first tract having a front of one and one-half arpents fronting on Bayou Lafourche by a depth of forty arpents; the second tract having a front of one arpent fronting on Bayou Lafourche by a depth of forty arpents, and the third tract having a front of one arpent fronting on Bayou Lafourche by a depth of forty arpents.

Pierre Bourgeois and his deceased wife, Josephine Zeringue, owned in community another tract of land having a front of one-half arpent fronting on Bayou Lafourche by a depth of forty arpents. Pierre Bourgeois acquired his deceased wife's undivided community interest in this tract of land from his children, issue of his marriage with his deceased wife, the plaintiffs and two of the defendants herein, by deeds executed on December 27, 1937, and February 12, 1938, which were recorded in the conveyance rec-

ords of Lafourche Parish on June 15, 1938. These two deeds are not attacked by the plaintiffs in this suit.

On June 14, 1938, Pierre Bourgeois executed a deed to the defendants, Mrs. Lucy Bourgeois LeBlanc and Miss Eulalie Marie Bourgeois, conveying to them a tract of land measuring one arpent fronting on Bayou Lafourche by a depth of forty arpents together with the improvements thereon, the furniture in the house located on the property, and all the movable property located on the tract of land, for a recited consideration of $2,000 cash.

On July 9, 1938, Pierre Bourgeois transferred to Mrs. Alcidia Duguise Templet and Ivy Templet by deed a tract of land, one and one-half arpents fronting on Bayou Lafourche by a depth of forty arpents, for a recited consideration of $2,500 cash.

On July 11, 1938, Pierre Bourgeois transferred to his daughters, Mrs. Lucy Bourgeois LeBlanc and Miss Eulalie Marie Bourgeois, defendants herein, an undivided three-fourths interest in two tracts of land, one measuring one arpent front on Bayou Lafourche by a depth of forty arpents and another measuring one-half arpent on Bayou Lafourche by a depth of forty arpents. The consideration stipulated in the deed is $2,500 cash. On that same day, July 11, 1938, Mrs. Lucy Bourgeois LeBlanc and Miss Eulalie Marie Bourgeois, executed a mortgage in favor of Helaire Templet in the amount of $2,500 on this property.

The plaintiffs are attacking the various deeds executed by Pierre Bourgeois to the defendants herein and the mortgage executed by their defendant sisters to Templet

on the grounds that they were executed without any valid consideration being given through a conspiracy entered into among the defendants with the design to deprive them of their legal rights in the lands as heirs of their deceased father, Pierre Bourgeois.

■ The plaintiffs urged in the lower court that their father was mentally incompetent at the time he executed the deeds complained of herein. The lower court arrived at the conclusion that this contention was without merit. The testimony in the record conclusively shows that the finding of the lower court in this respect was correct. We see no reason to review this testimony since it does not appear that the plaintiffs are seriously urging it on this appeal.

The act of sale of June 14, 1938 was passed before D. D. Toups, notary public, and witnessed by Leon Dugas and his wife, Mrs. Leon Dugas. In this deed, Pierre Bourgeois transferred to Mrs. Lucy Bourgeois LeBlanc and Miss Eulalie Marie Bourgeois a tract of land measuring one arpent by forty arpents for a recited consideration of $2,000 cash.

The testimony shows that the recited consideration was not paid at the time the transfer of the property was made. Mrs. Lucy Bourgeois LeBlanc testified that after she and her sister returned home from the notary's office, after the act of sale was passed, she paid her father $1,000 in cash, which she had acquired for previous employment and during her previous marriage. She testified that her father remitted the other $1,000 in consideration of services

she had rendered in taking care of him after her mother's death. The two witnesses to the act of sale, Mr. and Mrs. Leon Dugas, testified that Mrs. Lucy Bourgeois LeBlanc, at the time the act of sale was passed, asked the notary what she must say if anybody asked her where she secured the money to pay for the property; that the notary, in answer to this question, told her to say that she had borrowed the money from Leon Dugas; that Leon Dugas answered, saying that he had some money, but that it was all tied up, and he could not loan any to her; that Mrs. Dugas then turned to the notary and asked him if the act of sale could cause any trouble without any money; and that after the act of sale was finished, they were all talking about it, at which time, the notary replied he could fix it so that it would not cause any trouble. Neither the notary nor Miss Eulalie Marie Bourgeois testified. The plaintiffs testified in effect that their sister did not have the amount of money which she claims to have paid her father.

■ From the testimony of the plaintiffs and that of the two witnesses to the act of sale, it would appear that no consideration was paid. In view of the fact that Miss Eulalie Marie Bourgeois, one of the purported purchasers of the property, and the notary were not called to the witness stand to testify, it must be presumed that their testimony would be unfavorable to the defendants. Rubenstein v. Files, 146 La. 727, 84 So. 33; Toca v. Rojas, 152 La. 317, 93 So. 108. We are not prepared to say that the conclusion of the lower court, that no consideration was paid for this property, is erroneous under the testimony ad-

duced. Consequently, we will not disturb the judgment of the lower court insofar as it annuls this act of sale.

█ The act of sale passed on July 9, 1938, wherein Pierre Bourgeois transferred to Mrs. Alcidia Duguise Templet and Ivy Templet a certain tract of land, measuring one and one-half arpents by a depth of forty arpents for a recited consideration of $2,500 appears to be a valid transaction from the evidence in this case. The evidence shows that the recited consideration was paid in the following manner; $260 was paid to Nick Bergeron by Ivy Templet to retire a mortgage which he held on the property, and the balance was paid to Pierre Bourgeois by checks signed by Ivy Templet for $740 and Mrs. Alcidie Duguise Templet for $1,500, both of which checks were cashed by Mr. Pierre Bourgeois on July 16, 1938.

The plaintiffs contend that no consideration was paid for this property by the Templets, and that the sale was executed solely for the purpose of giving the Templets their share of the loot in pursuance of the conspiracy to deprive them of their interests in their father's property.

█ We do not find any testimony in the record to support this contention. In fact, the evidence shows that the consideration was paid. The plaintiffs produced three witnesses who testified that the property was worth from $5,000 to $5,600. In their briefs, the plaintiffs argue that the sale should be rescinded under the provisions of Article 2589, R.C.C., since the recited consideration was less than half the value of the property.

The answer to this question, without going into the testimony touching the value of the land, is that the plaintiffs did not ask for a rescission of the sale in their pleadings. In their petition, the plaintiffs ask to annul the sale on the grounds of fraud and simulation. We cannot go beyond the plaintiffs' pleadings and give them a relief different from that for which they prayed. We see no reason to disturb the judgment of the lower court dismissing the plaintiffs' demands with respect to this tract of land.

█ The plaintiffs contend that the act of sale and the mortgage executed on July 11, 1938, are mere shams executed through a design to deprive them of their interests in their father's property without any consideration being actually given.

In the sale, Pierre Bourgeois transferred to his daughters, Mrs. LeBlanc and Miss Bourgeois, and undivided three-fourths interest in two tracts of land for a recited consideration of $2,500. The mortgage was executed on this property by Mrs. LeBlanc and Miss Bourgeois to Helaire Templet in the amount of $2,500. Both instruments were executed before a notary public and two witnesses. The record shows that on July 11, 1938, Templet executed a check in favor of Mrs. LeBlanc and Miss Bourgeois on the Raceland Bank and Trust Company for $2,500, and that they, in turn, executed a check on the same bank in favor of Pierre Bourgeois for an equal amount. The bank records show that on July 19, 1938, Mrs. LeBlanc and Miss Bourgeois deposited the check they received from Templet to their account in the Raceland Bank and Trust Company; that the check payable to Pierre

Bourgeois was cashed; and that Templet deposited $2,500 to his account.

The plaintiffs claim that their father did not receive the proceeds of the check given him by their defendant sisters in payment of the property. They take the position that their father endorsed the check and turned it over to Templet, who they claim cashed the check and received the proceeds.

Pierre Bourgeois's name appears written on the back of the check across its entire length. The name of Helaire Templet is written on the back of the check across one end. In the absence of any testimony explaining what actually happened, it might be reasonably concluded that Templet cashed the check. However, the admitted testimony of the cashier of the bank is to the effect that Pierre Bourgeois cashed the check and received the proceeds. This testimony is corroborated by Mrs. LeBlanc and Helaire Templet. The testimony of these witnesses in this respect is not contradicted. Templet testified, in explanation of the reason why his name appeared on the back of the check, that he signed his name on the check, in order to identify it, after the present suit was filed at the time he was securing evidence for the defense of the cause. The bank records show that on July 11, 1938, Templet had sufficient funds in the bank to cover the check, but withdrawals were made after that date reducing his bank account to an amount less than that called for in the check. Templet testified that he took $2,500 in cash, which he had at home, to the bank and deposited it to cover the check. This testimony is not contradicted.

In the absence of testimony to the contrary, we cannot assume that his testimony is untrue. The cashier of the bank, Templet and Mrs. LeBlanc testified that these transactions with the bank were effected July 11, 1938, when, as a matter of fact, the bank records show that they took place on July 19, 1938. The cashier of the bank, however, stated in his testimony that the date the check was stamped paid would show when the transactions took place. The mere fact that the witnesses were in error as to the date of the transactions with the bank could be of no great import in view of the fact that the evidence shows that the transactions actually did take place although on a different date than that stated by the witnesses.

The burden is on the plaintiffs to prove that no consideration was paid to Pierre Bourgeois. Blackman v. Brown, 155 La. 959, 99 So. 711.

Evidence which merely casts suspicion is insufficient to set the sale aside. Carter v. McManus, 15 La.Ann. 641; Moore v. Wartelle, 39 La.Ann. 1067, 1068, 3 So. 384.

We are of the opinion that the plaintiffs have failed to prove that the instruments were not supported by valid consideration. The judgment of the lower court annulling and setting aside these instruments should be reversed.

The trial court properly dismissed the plaintiffs' demands seeking an accounting of the movable effects left by their deceased father and for the issuance of a rule to show why no inheritance tax was due on the property left by their deceased father. The succession of their deceased

father has never been opened. These are matters that should be taken up in succession proceedings.

For the reasons assigned, that part of the judgment of the lower court annulling and setting aside the act of sale of July 11, 1938, recorded in the Conveyance Records of Lafourche Parish in Book 86, Page 184, wherein Pierre Bourgeois transferred to Mrs. Lucy Bourgeois LeBlanc and Miss Eulalie Marie Bourgeois an undivided three-fourths interest in two tracts of land, and the act of mortgage, executed by Mrs. Lucy Bourgeois LeBlanc and Miss Eulalie Bourgeois to Helaire Templet on the same property of date, July 11, 1938, and recorded in Book ZZ, Page 30, of the mortgage records of Lafourche Parish, is reversed and set aside, and the plaintiffs' demands in this respect are dismissed. As thus amended, the judgment of the lower court is affirmed. The cost of this appeal is to be paid by the plaintiffs. All other costs are to be paid one-half by the plaintiffs and one-half by the defendants, Mrs. Lucy Bourgeois LeBlanc and Miss Eulalie Marie Bourgeois.

ODOM, J., absent.