20 So.2d 427

**WOLFSON et al. v. LISSO'S SUCCESSION et al.**

No. 37222.

Dec. 11, 1944.

Dart & Dart, of New Orleans, for plaintiffs and appellants.

J. D. Dresner, Eldon S. Lazarus, Charles Rosen, Walter M. Barnett, Jr., and Louis H. Yarrut, all of New Orleans, for defendants-appellees.

HIGGINS, Justice.

Some of the testamentary heirs of the vendor brought this action against the testamentary heirs of the vendee to rescind the sale of immovable property dated August 27, 1936, on the ground of lesion beyond moiety.

One of the main defenses is that only three of the five heirs of the deceased vendor have agreed on the redemption of the land and, therefore, the defendants, as heirs of the purchaser, should be dismissed under

the provisions of Article 2582 of the Revised Civil Code.

The plaintiffs counter by stating that they are not attempting to redeem only their respective interests in the real estate but the whole thereof in behalf of themselves and their other two coheirs and are willing to return the entire purchase price to effect the redemption.

The trial judge originally sustained the defendants' exceptions of no right and no cause of action based on the ground that the plaintiffs were not forced heirs, and dismissed the suit. The Court of Appeal annulled the judgment and remanded the case, in order to give the plaintiffs an opportunity to make their other two coheirs parties. 6 So.2d 231, 232. This was done and after a hearing on the merits, the district court rendered judgment in favor of the defendants, recognizing them as owners of the property and dismissing the suit. The Court of Appeal affirmed the judgment holding that under Article 2582 of the Revised Civil Code all of the heirs of the vendor must agree on the redemption of the whole of the property, if required by the purchaser or his heirs. 13 So.2d 521. We granted a writ of review to the plaintiffs.

Alex M. Lisso, a nephew of Miss Fannie Wolfson, by an authentic act of sale on August 27, 1936, purchased the land in question from his aunt for the sum of $100. He died testate on November 4, 1936, and his will granted the usufruct of 25% of his estate to his aunt and named four of the testamentary heirs of his aunt, together with the defendants, as legatees. Miss Fannie Wolfson died on March 5, 1938, and in her last will dated March 8, 1937, she named the petitioners and their two coheirs, as well as the defendants, as her legatees. Two of these legatees, later joined by another one of them, instituted this suit against the defendants to set aside the sale of the property in question on the ground that Alex M. Lisso had paid Miss Fannie Wolfson only $100 for the property, which had a value in excess of $900 at the time of the sale.

The issue is whether or not all of the testamentary heirs of the deceased vendor must affirmatively agree to demand the rescission of the sale for lesion beyond moiety or has one or more of the heirs the right to demand the rescission by offering to restore the entire purchase price for the whole property in behalf of all of the heirs without the consent or authorization of the remaining ones.

In the Revised Civil Code, under Section 2, c. 8, entitled "Of the Rescission of Sales on Account of Lesion," Title VII, covering "Sales," we find the following Articles:

"2589. If the vendor has been aggrieved for more than half the value of an immovable estate by him sold, he has the right to demand the rescission of the sale, even in case he had expressly abandoned the right of claiming such rescission, and declared that he gave to the purchaser the surplus of the thing's value."

"2600. The provisions contained in the preceding section relative to the case where several coproprietors have sold a thing, either jointly or separately, and to that where the vendor, or the buyer, has left several heirs, must likewise be applied to the

exercise of the action of rescission for lesion beyond moiety."

In Section 1 "Of the Power or Right of Redemption," Chapter 8 of Title VII of the Revised Civil Code, the pertinent Articles read:

"2580. If several persons have jointly sold by a single contract a joint estate, each one of them can individually exercise the right of redemption for that share only which belonged to him."

"2581. The same principal governs when a person, having sold an estate, leaves several coheirs; each of these coheirs can only exercise the right of redemption for the portion of the estate which falls to his share."

"2582. But in the cases provided for in the two preceding articles, the purchaser may require, if he deem it proper, that all the covendors and coheirs may be made parties to the suit, for the purpose that they may agree together on the redemption of the whole estate; and in case the covendors or coheirs should not agree, the purchaser shall be hence dismissed."

It will be noted that under Articles 2580 and 2581 of the Revised Civil Code, the sellers or the heirs of a seller can exercise the right of redemption for the share or portion only of the estate which falls or belongs to him. In fine, the covendors or the coheirs of a vendor cannot claim the share or portion of the others nor exercise the right of redemption for the portion or share which belongs to the other covendors or coheirs, respectively.

Article 2582 of the Code confers upon the purchaser of the joint estate the right to require that all of the covendors and coheirs, if he deems it proper, be made parties to the suit for rescission for lesion beyond moiety, for the purpose of having them decide whether or not they will agree together on the redemption of the whole estate. There can be no doubt from the wording of this Article that the vendee may require all of the covendors or coheirs of a vendor to agree on the redemption of the entire estate, otherwise their suit to have the sale of the property rescinded on the grounds of lesion beyond moiety shall be dismissed. Reasons why the framers of the Code placed this provision in Article 2582 can be assigned as: (1) That the purchaser cannot be compelled to submit to a partial redemption of the immovable property because this would be changing the sale and he may not want to be a co-owner thereof with others having purchased the whole property for his particular uses or purposes; and (2) some of the covendors or coheirs, for sentimental or business reasons or out of a spirit of gratitude, appreciation, devotion or loyalty to and interest in the vendee or the party from whom they inherited or for any other reasons they deem sufficient, may not wish to repudiate the sale by asking for its rescission on the grounds of lesion beyond moiety and desire the purchaser and not their covendors or coheirs to have the benefit of the sale.

Clearly, if one or more of the covendors or coheirs, without the consent of the others, were permitted to institute the action for rescission of the sale on the ground

of lesion beyond moiety, over the purchaser's objection, this would make the purchaser a co-owner in indivision with others and would be varying the act of sale. Where there is a single vendor, he could not legally ask for the partial redemption of the property and, consequently, since his heirs inherited no greater right, they are in the identical position. Briefly, some of the coheirs without the consent of the others cannot redeem for their shares only where the purchaser requires them all to agree on the redemption of the whole.

It will be noted that there is not any provision in any of the Articles of the Code cited which grant to a covendor or coheir the authority to exercise the right of redemption in behalf of his covendors or coheirs without their consent or permission. In the instant case, two of the coheirs accepted service of the petition and waived citation, all other rights being reserved, on May 2, 1939, at Manila, P. I. Suit was filed on May 19, 1939. The two parties in Manila never consented to the filing of the suit nor did they agree with the other three coheirs on the redemption of the whole estate. Consequently, under the plain and unambiguous provisions of Article 2582 the suit must be dismissed against the defendants unless the plaintiffs are able to show authority to the contrary. They rely upon the views expressed by some of the French Commentators. From the works of these authors, it appears that under the early jurisprudence of France, the share of the covendor or the portion of the coheir, who failed to agree, accrued in favor of those asserting the right of redemption or rescission and the purchaser could not complain if only one of the vendors or coheirs of the vendor offered to return the entire purchase price for the whole of the property upon the purchaser's demand. When the Napoleonic Code was adopted, Article 1670 was placed therein and it is identical with Article 2582 of our Code. Some of the French Commentators were of the opinion that while the language of the article was not clear, it was not the intention of its authors to change the jurisprudence but only to grant the purchaser the right to require a single action against him. Two of the French Commentators were not in accord with this interpretation. See Article 1670 of the Code Napoleon; Troplong in Droit Civil Explique, Vol. 2, page 243; Mourlon on the Code Napoleon, Vol. 3, page 208; Duranton, Cours de Droit Francais, covering the Civil Code, Vol. 16, page 431, and Marcadé, explication due Code Napoleon, Vol. 5, page 305. To the contrary see, Baudry-Lacantinerie, DeLa Vente, p. 509, Sec. 659 and Laurent, Principes de Droit Civil Francais, Vol. 24, p. 404, Sec. 413.

Obviously, the above construction cannot prevail in this State because there is no provision in our Civil Code which grants to the covendors or the coheirs of a vendor the portion or share of those who refuse or fail to agree on the redemption of the whole. Under the early French jurisprudence, it is apparent that such portions or shares were considered as having been abandoned in favor of the covendors or coheirs, asserting the action for the rescission of the sale on the grounds of lesion beyond moiety. On the contrary, under the express provisions

of Articles 2580 and 2581, each of the vendors or coheirs of a vendor are entitled to redeem or rescind the sale only for his portion or share, respectively, which is an inhibition against any one of them, without the consent or authorization of the other, asserting such co-owner's or coheir's right of action for rescission or redemption for his part on the grounds of lesion beyond moiety.

In the instant case, the two coheirs, who failed or refused to join the plaintiffs in the present suit or agree with them upon the redemption of the property, have not authorized the three petitioners to institute this action for redemption of the property or the rescission of the sale in their behalf. We have not been referred to any provision in the Civil Code or any jurisprudence which expressly or impliedly authorizes such a proceeding. It is fundamental in our law that one person cannot exercise the legal rights of another without his consent or authorization.

It is our conclusion that the clear and explicit wording of Article 2582 of our Code requires all of the covendors or coheirs of a vendor to agree upon the redemption, otherwise the purchaser is entitled to be dismissed.

Plaintiffs also plead res adjudicata based upon the first judgment of the Court of Appeal, which annulled the judgment of the district court sustaining the exceptions of no right and no cause of action predicated on the ground that the plaintiffs were not forced heirs. The plaintiffs' position is not well-founded because the first judgment of the Court of Appeal, after sustaining the exceptions, remanded the case to the district court in order that the two other coheirs of the plaintiffs could be made parties and for further proceedings. The judgment was, therefore, not a final one against the defendants and therefore they were not entitled to have the correctness of the Court of Appeal's judgment reviewed by this Court under a writ of certiorari.

The Court of Appeal in its second judgment decided the case in favor of the defendants and, therefore, they did not have any occasion to apply to this Court for a writ of review. Since the plaintiffs applied for such a writ, the defendants have a right to have us consider the correctness of their position, which they took in the district court and which was maintained by the Court of Appeal. The plea of res adjudicata is without merit.

Finally, counsel for the plaintiffs contend that the Court of Appeal went too far in affirming the judgment of the district court which recognized the heirs of Alex M. Lisso as the legal owners of the property in question, insisting that the petitioners should have been merely nonsuited and given further opportunity to make additional efforts to have the two remaining coheirs agree to the redemption. There is no provision in Articles 2580, 2581 and 2582 of the Revised Civil Code which in any way indicates that the plaintiffs have such a right. Nothing is said about the court entering a nonsuit in such cases. On the contrary, Article 2582 expressly provides that if the covendors or the coheirs of the vendor do not agree, the purchaser shall be hence dismissed.

For the reasons assigned, the judgment of the Court of Appeal affirming the judgment of the district court is affirmed; and

It is further ordered, adjudged and decreed that there be judgment in favor of the heirs of Alex M. Lisso, namely, Joseph N. Wolfson, Julian Wolfson, Miss Marguerite Rosina Wolfson, Mrs. Lena Wolfson Katz, Miss Bessie Wolfson, Miss Nora Navra, Mrs. Willie Gertrude Pollock, Touro Infirmary, Congregation Temple Sinai, and Jewish Widows and Orphans Home, now Jewish Children's Home, and against the heirs of Miss Fannie Wolfson, namely, Miss Bessie Wolfson, Mrs. Lena Wolfson, wife of Joseph F. Katz, Miss Fannie B. Nelken, Miss Marguerite Rosina Wolfson, and Julian Wolfson, decreeing that the title of Alex M. Lisso to the hereinafter described property is not subject to rescission for lesion beyond moiety by the heirs of Fannie Wolfson to wit:

A certain portion of ground, designated as Lot 3, Block 10, Bernstein Subdivision, in the Parish of Red River, State of Louisiana.

The following described property, situated in the Parish of Natchitoches, State of Louisiana, being the SE¼ of Section 17, SE¼ of SW¼, Section 13, SW¼ of NE¼, Section 20, and fractional NE¼ of SW¼ of Section 21, Township 11, Range 8, containing 258 acres, more or less.

A certain portion of ground situated in the Parish of Caddo, State of Louisiana, designated as Lot 136, Bowman Lane Subdivision.

All of the costs of the courts are to be paid by the plaintiffs.