Mclnnis, Judge.
This action is instituted by Mrs. Piety Cockerham, widow of H. M. Cockerham, and all of the children and grandchildren, except the defendant. The demand is to have decreed null and void conveyances of property by H. M. Cockerham, as follows:
1. A deed to J. A. Cockerham, dated May 29, 1936, covering the SWJ4 of SWJ4, Section 1, Township 11, North Range 2 West.
2. A deed to D. E. or David Cock-erham, dated September 12, 1936, covering the NEJ4 of SEJ4, Section 2, Township 11, North Range 2 West.
3. A deed to M. M. (Jack) Cocker-ham, dated September 12, 1936, covering the NWJ4 °f SWJ4, Section 2, Township 11, North Range 2 West.
It is alleged that on October 19, 1937, D. E. Cockerham and M. M. (Jack) Cocker-ham executed deeds to J. A. Cockerham for the two tracts that PI. M. Cockerham had deeded to them. It is alleged that all of said conveyances were simulations and fraudulent; that no consideration whatever was paid by either J. A., D. E., or M. M. Cockerham and that it was- well known to all three parties that no consideration was received by PI. M. Cockerham and none paid by J. A. Cockerham to D. E. and M. M. Cockerham and that the recitations of cash consideration, in said deeds, were false and untrue.
In the alternative, if the court should find that any consideration was paid, then, in that event, that whatever consideration paid was received by J. A. Cockerham from the lands or fruits and revenues, such as sale of timber.
In the further alternative, in the event the court should find some consideration was paid, which is denied, that, in that event, the deed should be declared null, void and simulated and set aside, upon defendant being paid whatever consideration he shows he paid, for the reason that the price was less than one-fourth the real value of the property at the time of the sales.
Defendant filed an exception of no cause and no right of action, based on the allega *19 tion that the demands of plaintiffs are barred by prescription of ten years under Articles 2221, 3478, and 3544, LSA-C.C., and prescription of five years under Article 3542, LSA-C.C., and insofar as the alternative demand for rescission of the sales for lesion beyond moiety, is barred by the prescription of four years under Articles 1876 and 2595, LSA-C.C. Another exception of no cause or right of action was filed, reiterating the reasons set forth in the first exception and setting up the further reason that the petition sets forth inconsistent demands; and at the same time defendant filed a plea of estoppel, contending that plaintiffs are estopped to contest the validity or to assert any other nullity in any respect of the deed executed by H. M. Cock-erham to J. A. Cockerham.
The answer is a general denial of the substantial allegations of the petition and alleges that, in addition to the cash consideration recited in the deed from H. M. Cockerham to J. A. Cockerham, the property was burdened with a mortgage to the Federal Land Bank for $608.47, which he paid and that, as to the deeds from D. E. and M. M. Cockerham, he relied upon the public records showing the conveyances by H. M. Cockerham to them and he reurges the several pleas of prescription and plea of estoppel, already referred to, and, in the alternative, if plaintiffs prevail, that he should have judgment for the amounts shown to have been paid.
When the case was called for 'trial, the exceptions, pleas of prescription and plea of estoppel were referred to the merits. After trial on the merits, the district judge rendered judgment rejecting the demands of the plaintiffs as to the deed of May 29, 1936 from H. M. Cockerham to J. A. Cock-erham conveying Southwest Quarter of Southwest Quarter, Section 1, Township 11, North Range 2 West, and in favor of plaintiffs as to the other two tracts annulling the purported sales, H. M. Cockerham to D. E. Cockerham and D. E. Cockerham to J. A. Cockerham and ordering the sums of $37.39 and $28.03 paid to J. A. Cocker-ham, and annulling the sales from H. M. Cockerham to M. M. Cockerham and M. M. Cockerham to J. A. Cockerham and ordering the sums of $37.90 and $28.03 paid to J. A. Cockerham, assessing two-thirds of the costs against defendant and one-third against plaintiffs.
From that part of the judgment unfavorable to him, defendant prosecutes a suspen-sive appeal. Plaintiffs have not appealed from the part of the judgment that is unfavorable to them, and have not answered the appeal, so that the deed from H. M. Cockerham to J. A. Cockerham is not before us for consideration, at this time.
At the beginning of the trial, the following stipulation was incorporated in the record:
“It is agreed and stipulated by and between the counsel for the plaintiffs and attorney for the defendant that all of the property involved in the suit was acquired during the marriage of H. M. Cockerham and his wife; that the parties listed in the suit, that is the plaintiffs and defendant, and the widow, are the sole and only heirs of H. M. Cock-erham.
“It is further stipulated and agreed that the property in question was all of the real estate owned by H. M. Cockerham at the time the deeds were made.
“It is further agreed and stipulated the tax records will show that homestead exemptions were claimed on the whole of the property from 1936 down to and including 1940 by either H. M. Cockerham or Mrs. H. M. Cocker-ham, and that from 1941 down to and including the present time the property was assessed to, and tax was paid on the property by J. A. Cockerham.”
The evidence is convincing that no consideration was paid for the two deeds H. M. Cockerham made to D. E. and M. M. Cock-erham, and the two deeds from D. E. and M. M. Cockerham to J. A. Cockerham. Both D. E. Cockerham and M. M. Cock-erham so testified and the evidence leads to the conclusion that J. A. Cocker-ham knew that no consideration had been paid to the father. M. M. Cockerham says he told J. A. Cockerham that he had not paid his father anything. A. W. Cocker- *20 ham says defendant admitted to him that he knew nothing was paid.
Answering questions by his own counsel, J. A. Cockerham admitted that he did not pay the $100 cash recited in each of the deeds from D. E. Cockerham and M. M. Cockerham to him. He explained the transactions with his brothers this way. He said he did not pay the $100 consideration recited in each of the deeds, but that Shaw-Carter Company had a judgment of record against H. M. Cockerham, which affected all of the 120 acres of land and had called on the three of them for payment. This judgment amounted to $84.10. There was also due on the Land Bank mortgage $452.19, which covered all of the 120 acres and he says that his brothers had no money to pay the judgment or mortgage and asked him to take the deeds and pay these debts, which he did. However, he sold the timber on the 120 acres for $340 to finish paying the Land Bank mortgage.
The stipulation shows that from 1936 to and including 1940 homestead exemptions from payment of taxes were claimed by either H. M. Cockerham or his widow and after that date J. A. Cockerham paid the taxes.
It is conclusively shown that H. M. Cockerham owned no real estate other than the 120 acres deeded to the three sons and that he had very little personal property, consisting of five or six cows and some household goods.
The district judge rested his judgment on Article 2444, LSA-C.C., which reads as follows :
“The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale.”
Here defendant suggests that the district judge is in error in holding:
1.That defendant paid no consideration to his brothers, D. E. and M. M. Cocker-ham, because the evidence shows that he paid the judgment amounting to $84.10 on the day the deeds were executed, and,
2. In refusing to hold that defendant was a third party entitled to rely on the faith of the public records, and in this connection counsel says that the district judge did not find that defendant had any knowledge that his brothers had paid no consideration to their father, when the deeds recite a cash consideration, and,
3. In failing to award title to the entire 120 acres to defendant, and in this connection he says that if the judgment setting aside the two sales is affirmed that it should order repayment to defendant of the entire amount of the judgment and mortgage to the Federal Land Bank, plus taxes paid by him, with interest.
Taking up these contentions in order, the evidence is conclusive that defendant paid nothing to his brothers, but paid off the judgment that was a judicial mortgage on the entire 120 acres.
As to the second contention, it is true that the district judge did not say in his written reasons for judgment that defendant had knowledge that no consideration had been paid by his brothers to their father, however, the decision he reached leaves little reason to doubt that the judge believed defendant knew that no consideration had been paid, and the record justifies this conclusion.
As to the third contention, we agree that the district judge correctly allowed defendant two-thirds of the amount of the judgment and the mortgage, after deducting $340 received for the timber. The record shows that defendant paid the taxes after 1941, but no amount is shown.
The several prescriptions pleaded by defendant under LSA-Civil Code articles set out supra are not applicable to this proceeding. Counsel for defendant concludes that one of the alternative demands of plaintiffs is to have the sales set aside for lesion beyond moiety, under authority of Art. 2595, LSA-C.C. The demand, however, is founded on Art. 2444, LSA-C.C., because it is alleged that the consideration, *21 if any, was less than one-fourth the value of the property.
Industrious counsel for defendant has cited a number of cases to support his contentions. Bickham v. Pitts, 186 La. 24, 171 So. 560, involved a legal and factual situation entirely different from that presented here, as a reading of the opinion clearly shows. The same may be said of Wolfson v. Lisso’s Succession, 207 La. 67, 20 So.2d 427, which was an action to set aside a sale for lesion beyond moiety.
During the trial of this case, one of the plaintiffs, A. W. Cockerham, testified that defendant had admitted that he was holding the property in trust for all the heirs. Holloway v. Holloway, 221 La. 875, 60 So.2d 468, has been cited as holding that this class of testimony is not admissible. The Supreme Court in the Holloway case said that this testimony was not admissible to prove title to real estate, but that it might have been admissible for the restricted purpose of rebutting the pleas of ten and thirty years prescription. It is not necessary to consider this testimony of A. W. Cocker-ham in order to arrive at a decision in this case.
Brown v. Brown, 30 La.Ann. 966, holds that when an inadequate consideration has been paid the transaction is not a simulation, and that another consideration than that expressed in the deed may be shown. To the same effect are Jones v. Dietrich, La.App., 186 So. 881; Freeman v. Woods, La.App., 1 So.2d 134; Bourgeois v. Bourgeois, 202 La. 578, 12 So.2d 278 and Blackman v. Brown, 155 La. 959, 99 So. 711.
The factual and legal situations in the cases of Karcher v. Karcher, 138 La. 288, 70 So. 228 and Sandifer v. Sandifer’s Heirs, La.App., 195 So. 118, are so different from this case that these cases have no application here.
Counsel for defendant says that in the case of Smelley v. Ricks, 174 La. 734, 141 So. 445, relied on by plaintiffs, that it was admitted that no consideration was paid, and that the deed was a donation in disguise. As we read the opinion the defendants did not make any su.ch admission, but sought in every way to próve consideration, however, the Supreme Court held that none had been paid and set the sale aside.
Mrs. Piety Cockerham, widow of H. M. Cockerham and mother and grandmother of the other plaintiffs and mother of defendant, was at the time of the trial and for some two years before, living in a home for the aged at Monroe, where apparently the State is caring for her through the Department of Public Welfare, none of her children being willing or able to care for her. Her testimony was taken by deposition in Monroe. She testified that defendant paid her husband $165 at the time the deed was made to him, but that D. E. Cockerham and M. M. Cockerham paid nothing to her husband and nothing to her at any time for the deeds made to them, but that defendant paid the judgment and mortgage. On cross-examination she was asked if she wanted to be a party to the suit against defendant, and she answered: “I don’t want to be against none of them.” She said that she did not want to remain as a party plaintiff in the suit, however no motion was ever made to dismiss her from the suit.
Defendant urges that this is fatal to the action of plaintiffs, however he apparently does not rely very heavily on this claim, and we find no merit in it.
We find no difficulty in reaching the conclusion that D. E. Cockerham and M. M. Cockerham paid nothing for the two deeds from their father, and that defendant had full knowledge that nothing had been paid, and that whatever he paid over and above the amounts he received for the timber, by way of relieving the property of the judgment and mortgage against it was a vile consideration and less than one-fourth-the value of the land.
It follows that the judgment appealed from is affirmed. Defendant to pay two-thirds of the costs in the lower court and the costs of this appeal.