94 So.2d 649

Edna Lafield BALZRETTE et al.

v.

Mrs. Ruby E. HUGHES et al.

No. 42562.

April 1, 1957.

John Makar, Natchitoches, for plaintiffs-appellants.

Gahagan & Gahagan, by Russell E. Gahagan, Natchitoches, for defendants-appellees.

HAMITER, Justice.

Plaintiffs, Mrs. Edna Lafield Balzrette and Mrs. Annie Murphy Lafield, who are a daughter and the widow, respectively, of Marion A. Lafield, deceased, prosecute this appeal from a judgment rejecting their demands for the annulment of a deed affecting 80 acres of land in Natchitoches Parish executed on November 21, 1945 by the named decedent in favor of another daughter, Mrs. Ruby Lafield Hughes. (In the early part of 1945 a similar suit involving another deed to the identical tract was appealed to and considered by the Court of Appeal, Second Circuit, the property at that time having had a value much less than the jurisdictional minimum amount of this court. See Lafield v. Balzrette, 21 So. 2d 156.)

The instrument assailed herein recited the consideration for the conveyance as

being $400 cash in hand paid, also four annual installment mortgage notes of $100 each, and further an obligation of the vendee "to furnish a place of abode for the vendor during the remaining period of his life." However, in their petition plaintiffs alleged (and they have since contended) that no part of the $800 was paid, that the vendee's obligation of care was never fulfilled, and that the purported act of sale was a donation in disguise made in fraud of their rights.

Answering the petition the defendants, Mrs. Ruby Lafield Hughes and Kenny F. Hughes (her husband), denied plaintiffs' allegations. Further, they affirmatively averred that the instrument was a genuine and bona fide act of sale, that the recited $800 was fully paid, and that they furnished decedent with a place of abode as the vendee was obligated to do.

In rendering judgment rejecting the demands of plaintiffs the district judge commented: "Pretermitting the question of whether or not the $400.00 cash payment was made, the evidence seems clear that the $400.00 represented by the notes was actually paid. Then when it is considered that $15.00 per month was a minimum for room and board over a period of 7 years and nine months you have an additional payment of $1395.00 making a total of nearly $1800.00 as consideration for eighty acres

of land as estimated to be worth about $1200.00 by some of the witnesses as of the date of the sale in 1945."

As is indicated by the foregoing the instant appeal presents solely issues of fact. And from our careful and thorough study of the transcript we are unable to conclude that the judge manifestly erred in resolving those issues in favor of defendants.

That the four mortgage notes were timely paid is abundantly disclosed by both oral and documentary evidence. Again, it is equally clear that the defendants housed and regularly fed the decedent for many years until he voluntarily left them and went to visit another daughter, in whose home he became ill and spent the remaining months of his life. Furthermore, we are inclined to the belief that the recited cash consideration of $400 was paid (the district judge pretermitted this question), the record containing positive testimony of several witnesses to this effect which is not controverted.

For the success of their action plaintiffs depend almost wholly on a showing that the decedent never displayed any of the money received from the purported sale; that most of the time he was on an old age pension; and that the vendee's husband, Kenny F. Hughes, was often sick, was unable to work regularly, and received much assistance from the welfare

department. Concededly, these are suspicious circumstances. But evidence which merely casts a suspicion on the verity of a sale by a parent to his child is inadequate to justify a decree of annulment. Blackman v. Brown, 155 La. 959, 99 So. 711, Bourgeois v. Bourgeois, 202 La. 578, 12 So. 2d 278 and Dietz v. Dietz, 227 La. 801, 80 So.2d 414, 417.

Counsel for plaintiffs suggests that our decision in Dietz v. Dietz, supra, insofar as it concerns the conveyance to John Dietz, is controlling here. Clearly, it is distinguishable from the instant cause. therein, we said: " * * * it is admitted by John Dietz that his acquisition from his mother produced no change whatever in the dominion and control of the property—for, although he was living in a small house thereon, his mother continued to collect the rents which came due from the farming operations and the oil lease. * * *." Here the vendee and her husband had complete control and dominion of the 80-acre tract. On the land they raised for their own benefit hogs, cotton, potatoes and corn, and from an oil and gas lease affecting it they received for themselves delay rentals of $80 per year. Incidentally, the record shows that these receipts were used in paying off the above mentioned four annual mortgage notes of $100 each.

For the reasons assigned the judgment appealed from is affirmed.