DOMENGEAUX, Judge.
Olita Vincent Simon died December 21, 1970, intestate, and her succession was opened by her surviving husband, Jeneus Simon. Neither ascendants nor descendants survived Olita Simon. An ex parte judgment of possession was signed December 28, 1970, whereby Jeneus Simon was recognized as owner of an undivided one-half (J4) interest in and to all community property and as sole heir of the decedent, thereby being placed into possession of the remaining one-half (i/á). On April 7, 1971, a petition was filed by Nicholas Blanc, nephew of the decedent, to reopen .the estate of Olita V. Simon and appoint an administrator. This plea was subsequently granted by the District Court in an order handed down April 7, 1971, and Nicholas Blanc was appointed administrator. On that date same plaintiff also filed a “PETITION TO HAVE CERTAIN PROPERTIES OF THE ESTATE TO BE RECOGNIZED AS SEPARATE ESTATE OF DECEDENT AND RECOGNIZE THE LEGAL HEIRS THERETO”. Plaintiff alleged and prayed that the former ex parte judgment be set aside because a certain tract of land containing 37 acres, more or less, listed therein, was in fact separate rather than community property, the same having been inherited by Olita V. Simon from her parents. Prior to trial, exceptions of vagueness and no cause or right of action were filed by the defendant, the former exception being cured by way of an amendment to the original petition and the latter being overruled at trial. After the trial on the merits judgment was rendered in favor of the plaintiff, setting aside the former ex parte judgment of possession, insofar as it pertained to the aforementioned 37-acre tract of land, and declaring said tract to be separate property, thereby entitling the collateral heirs of the decedent to be placed into possession thereof. A motion for a new trial was also subsequently denied and defendant has appealed to this court.
*571 The pertinent facts to this suit are as follows: Olita Vincent inherited 20.64 acres of land from her father on. May 14, 1902. On November 18, 1908, Olita became legally married to Jeneus Simon. By subsequent extra-judicial partition of her mother’s estate in 1913, Olita received an additional tract of land containing 19 acres, more or less, said tract being adjacent to the aforementioned 20.64 acres. These two tracts aggregated the “37 acres, more or less” referred to in these proceedings which are in controversy. Jeneus and Olita Simon lived on this land, first in a wooden house given to Olita by her mother. Jeneus farmed the land and trapped for furs during the trapping seasons.
On February 16, 1922, a note payable to Kaplan Lumber Co. in the sum of $588.00 was executed by Jeneus and Olita, as maker and endorser respectively, for lumber to be used to construct a new house on the aforementioned land which Olita had inherited. This note was due on November 1, 1922, and suit was subsequently filed on said note against Jeneus and Olita Simon on February 15, 1923. The note and judgment thereon were cancelled on December 18, 1923.
On December 4, 1922, Olita V. Simon executed a mortgage on the property by notarial act in favor of Ode Guidry, her brother-in-law, for the sum of Two Thousand Dollars ($2,000.00), payable five years after date.
On July 3, 1923, Olita again appeared before the same notary public and transferred the aforementioned 37-acre tract inherited by her to the same Ode Guidry for Two Thousand Dollars ($2,000.00) (the consideration having been shown as $600.-00 cash and a note in the sum of $1,400.00 due on or before December 1, 1923). The aforementioned mortgage in favor of Ode Guidry was also cancelled on the same day, July 3. However, after said transfer Olita and her husband remained living in their home, farming the land as usual, and paid no rent to Ode Guidry.
On September 22, 1924, Meaux Brothers obtained a judgment against Jeneus Simon for Thirteen Hundred and Sixty-five Dollars ($1,365.00), with eight per cent (8%) interest from January 3, 1923, and ten percent (10%) attorney’s fees. Said judgment also recognized the enforcement of a chattel mortgage on several mules, a mare and colt, and assorted farm implements, to pay the debt. Meaux Brothers had allowed Jeneus to borrow money for a number of years prior thereto as an advance for his crops, but as testified to by Jeneus, he continuously owed his lenders year after year. This judgment in favor of Meaux Brothers was never cancelled.
On December 27, 1929, over five years after the Meaux Brothers’ judgment, Ode Guidry appeared before the same notary public who transacted the aforementioned mortgage and sale and for the sum of Two Thousand Dollars ($2,000.00) cash, transferred to Olita V. Simon the identical property she had inherited and sold to him in 1923. In the cash deed for this sale the following declaration appeared:
“The Vendor (sic) herein acquires the property hereinabove described with her own separate funds, which is by her separately administered.”
Jeneus Simon did not sign the instrument.
The sole issue before us is whether the trial judge committed manifest error in rendering judgment setting aside the former ex parte judgment of possession in favor of Jeneus Simon and declaring the aforementioned 37-acre tract of land inherited by the decedent to be separate rather than community property.
The defendant, without particularly specifying the errors on which he bases this appeal, argues essentially (a) that his exception of no cause or right of action should have been maintained by the trial judge, (b) that Louisiana Civil Code Article 2480 on simulation was not applicable to the present facts, and (c) that the repurchase of the property in 1929 was in *572 fact made by himself with his own funds, despite the recitation in the cash deed, and as a result, the nature of the property was changed from separate to community.
On defendant’s first allegation the trial judge ruled that the action taken by Nicholas Blanc, as an heir of the decedent, was not prohibited by law. Thus he overruled defendant’s exception of no cause or right of action.
We agree that defendant’s exception should have been overruled. In a situation, such as is present herein, where an heir is sent into possession by an ex parte judgment, said judgment is not conclusive as to ownership of the property in the parties put in possession. The judgment is prima facie evidence of ownership entitling the heir to exclusive possession, but only until someone else appears timely and asserts and proves ownership in himself. Succession of Brice D. Dickson, 227 La. 838, 80 So.2d 433 (1954); Succession of Fachan, 179 La. 333, 154 So. 15 (1934); Jackson-Hinds Bank v. Davis, 244 So.2d 633 (La.App. 4th Cir. 1971); Curry v. Caillier, 37 So.2d 863 (La.App. 1st Cir. 1948).
It clearly appears from the plaintiff’s pleadings and affidavits attached that Nicholas Blanc is an heir of his deceased aunt. Therefore plaintiff is properly before the court in his capacity as heir of Olita V. Simon claiming ownership of the property which she died possessed of. Thus sufficient grounds existed for the overruling of the exception.
Defendant also makes a vague reference in his exception of no cause or right of action as to the impropriety of appointing the plaintiff as administrator under LSA CCP Art. 3393. This, however, in our opinion is mere surplusage and would not affect the rights of either parties herein insofar as the no right or cause of action is concerned.
' Defendant also suggests in his brief to this court that Act 644 of 1970, amending LSA CCP Art. 3393 is unconstitutional. However, he does not favor us with reasons or support for such a conclusion. Additionally, this issue was not raised by any of the pleadings in the District Court and we need not consider it. See Bourgeois v. Bourgeois, 202 La. 578, 12 So.2d 278 (1943); Mayo v. Stoessell, 277 So.2d 520 (La.App. 1st Cir. 1973); Hodges v. Hodges, 150 So.2d 884 (La.App. 1st Cir. 1963).
In regard to defendant’s second assertion, the District Judge, in holding for the plaintiff, found that LSA CC Art. 2480, which reads as follows, was applicable.
“In all cases where the thing sold remains in the possession of the seller, because he has reserved to himself the usu-fruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale.”
The trial judge concluded inasmuch as the evidence showed that Jeneus and Olita possessed the aforementioned 37-acre tract at all times after the sale to Ode Guidry in 1923, the presumption arose that the sale was simulated and the burden of proof thereby shifted to Jeneus to show the conveyance was a valid sale. The judge was convinced by the evidence that the transfer of the property by Olita to her brother-in-law was for the sole purpose of removing it from the hands of a possible creditor and that a valid consideration for transfer did not exist. He further found this to be supported by the fact that the property was reconveyed to Olita for the identical consideration ($2,000.00) for which she sold it six years before. Thus Olita allegedly received Two Thousand Dollars ($2,000.00) in 1922 for her mortgage of the property. In 1923 when the property transfer to Guidry took place she allegedly received an additional Six Hundred Dollars ($600.00), plus a note for One Thousand, Four Hun *573 dred Dollars ($1,400.00). Yet Guidry resold the land to Olita in 1929 for only Two Thousand Dollars ($2,000.00), without even as much as an interest charge. This incongruous chain of events lends credence to the finding of a simulated sale.
Thus we feel the trial court was correct in applying the presumption of LSA CCP Art. 2480 and that the burden shifted to Jeneus to prove the sale was real and not simulated. This he did not do.
In this respect defendant argues although his wife inherited the property, thereby making it separate rather than community, when she sold it on July 3, 1923, said land was given in consideration for a debt owed to Ode Guidry for lumber purchased from him to build the Simon house and therefore the sale was not simulated. However, as pointed out by the trial judge and as appeared from the elicited testimony, Jeneus Simon is aged and his memory apparently has been dimmed by time. The record clearly indicates that the wood purchased for the house was bought by Jeneus and Olita Simon from Kaplan Lumber Company and not from Ode Guid-ry. The only debt that could have been outstanding to Ode Guidry was on the mortgage from which Olita Simon allegedly received Two Thousand Dollars ($2,000.00). Jeneus Simon, however, testified that he never actually saw the Two Thousand Dollars ($2,000.00). Nor could he account as to where any of the money might have gone.
Defendant also alleges that the repurchase of the property in 1929 was made by him with funds he had acquired through fur trapping, that his wife had no separate funds or money at the time, and that as a result the nature of the property was changed from separate to community. These contentions are however unsubstantiated by anything .in the record. It is alleged that Jeneus gave Ode Guidry a check for Two Thousand Dollars ($2,000.00) drawn on the Kaplan State Bank on an account in his name. However, as stipulated by opposing counsel, these bank records of 1929 were disposed of and therefore unavailable. These contentions are argued despite the clear recitation in the deed that Olita was repurchasing the property with her separate funds under her separate administration. We also find it very improbable, if in fact the property had been repurchased by Jeneus rather than his wife, that he would not have even signed the deed thereto or made his mark thereon.
 A last allegation of defendant is that under the established jurisprudence of this state, [Johnson v. Johnson, 213 La. 1092, 36 So.2d 396 (1948) and cases cited therein] the burden rests upon the spouse (or heir) who claims property to be separate to establish ownership by positive evidence “dehors the recital of a deed”. This is a correct statement of the law; however, we feel the evidence clearly preponderates to the effect that the property was in the past and is presently the separate property of Olita Vincent Simon. This aforementioned 37-acre tract was undisput-edly inherited by Olita from her father and mother. All transactions regarding the property were signed by Olita, recognizing her to be the owner, the repurchase being signed by her alone without the accompanying signature of her husband. As aforementioned, the recitation in the deed further gives strong support to this assertion. Four affidavits, taken for another proceeding in 1964, were also introduced. Those parties giving the affidavits stated that as neighbors they had known Olita and Je-neus for over 40 years and that during said time Olita had her residence on this property and that she possessed it as her own. In addition Jeneus himself admitted that he had never told anyone that the property was his and not his wife’s.
For the above and foregoing reasons the judgment of the trial court is affirmed at defendant’s-appellant’s cost.
Affirmed.
HOOD, J., concurs in the result reached by the majority.