STOKER, Judge.
The issue in this case concerns the ownership of certain U. S. Savings Bonds. The bonds were issued to Mr. Joseph F. Favalo-ro “or” Mrs. Lucille Gouaux Favaloro. The parties were husband and wife. Mr. Fava-loro died on April 18, 1973, and Mrs. Favalo-ro died on July 10, 1979. Following her husband’s death, Mrs. Favaloro qualified as testamentary executrix and opened his succession. She listed the U. S. Savings Bonds as community property in the succession proceedings. Mr. Favaloro left a will in which he made certain specific bequests. He bequeathed the remainder of his property to his brothers and sisters (the Favalo-ros), subject to a life usufruct in favor of his wife.
More specifically stated, the issue in this case is whether the act of Mrs. Favaloro in listing the U. S. Savings Bonds as community property and the signing of a judgment of possession recognizing the naked ownership of the Favaloros resulted in the Fava-loros becoming owners of a one-half interest in the bonds. Following the death of Mrs. Favaloro in 1979, the judgment of possession was amended to eliminate the bonds from the succession. The Favaloros brought this action to annul the judgment amending the judgment of possession and sought declaratory relief to have themselves recognized as owners of an undivided one-half interest in the U. S. Savings Bonds.
The trial court rejected the demands of the Favaloros and they brought this appeal. We affirm the trial court judgment.
The notary who inventoried the succession of Mr. Favaloro failed to show the manner in which the ownership was listed on the face of the bonds. As noted, the bonds were listed as community property in Mr. Favaloro’s succession despite the fact that the bonds were issued to Mr. “or” Mrs. Favaloro. Under federal law, bonds issued in the names of two co-owners become the property of the survivor upon the other’s death. Free v. Bland, 369 U.S. 663, 82 S.Ct. 1089, 8 L.Ed.2d 108 (1962). See also the provisions of 31 C.F. § 315.70. All parties to this action concede this to be the law. As federal law, this provision super-cedes state law. Unquestionably, therefore, Mrs. Favaloro became sole owner of the bonds upon her husband’s death and they should not have been included in Mr. Fava-loro’s succession as community property.
Despite the effect of federal law, the Favaloros take the position that the act of Mrs. Favaloro in including the bonds in her husband’s succession was a judicial confession that the Favaloros had an interest in the bonds and the judgment of possession based on the confession cannot be set aside. *842 We find this contention without merit.[1] Certain cases cited to us on behalf of the Favaloros are not entirely apropos. All but one of the cases cited were decided long before Free v. Bland which was decided in 1962.
The'Favaloros also cited the case of Succession of Williams, 405 So.2d 336 (La.App. 2nd Cir. 1981), which held that a daughter of the decedent had judicially confessed that she was a co-heir with her brother’s children (after the brother renounced his share of their mother’s succession) by participating in a petition sending the children into possession of half of the estate. While we express no opinion as to the correctness of the decision of our brothers of the Court of Appeal for the Second Circuit, we note that Williams is not apropos to the case before us because it did not concern a conflict between state and federal law.
In a sense the Favaloros contend that Mrs. Favaloro intended to donate a one-half interest in the bonds to them or that she is estopped from denying their interest inasmuch as she listed the property as community property. However, the elements and requirements necessary to prove a donation or an estoppel are lacking. Furthermore, the case of United States v. Chandler, 410 U.S. 257, 93 S.Ct. 880, 35 L.Ed.2d 247 (1973) held that a physical inter vivos delivery of U. S. Savings Bonds was insufficient to transfer ownership. The bond must be reissued in the new owner’s name according to government regulations fbr the transfer to be effective.
For the foregoing reasons the judgment of the trial court is affirmed. The costs of this appeal are assessed to petitioners, the Favaloros.
AFFIRMED.

. Under LSA-C.C.P. art. 3137 the court may amend a descriptive list in a succession to correct errors upon the ex parte motion of the person filing it. A judgment of possession sending parties into possession of property is not conclusive as to ownership. It is prima facie evidence of ownership but it is subject to attack. Blanc v. Succession of Simon, 295 So.2d 569 (La.App. 3rd Cir. 1974), writ denied, 300 So.2d 182 (La.1974).