ELLIS, Judge.
This suit was filed by the plaintiff to annul an act of retrocession by her husband, Harry H. Hodges, Jr., to his father, Harry H. Hodges, Sr., and to recognize the plaintiff as the owner of one-half interest in certain commfinity property by virtue of a Declaration of Family Plome in accordance with the provisions of LSA-R.S. 9:2802 which provides:
“If the husband neglects for a period of six months after the acquisition of a home to file and record the declaration as provided in R.S. 9:2801, his wife, who is living with her husband, may make, and record an authentic declaration as provided in R.S. 9:2801. A declaration made by the wife shall be limited to community property occupied as a home, and in case of city, town, or village property shall include not more than one lot or lots of ground on which the family residence is actually situated, and in case of rural property shall include not more than twenty acres of land on which the family residence is situated,”
which had been filed by plaintiff on August 15, 1961. The defendants filed separate peremptory exceptions of no cause or right of action. The exceptions filed by Harry H. Hodges, Sr. were argued by counsel and submitted to the court and by judgment rendered on March 5, 1962 maintained and the plaintiff’s suit dismissed as to this ex-ceptor, and the Clerk of Court was ordered to cancel and erase the Declaration of Family Home from the records of the Parish of *886 East Baton Rouge. From this judgment the plaintiff has appealed.
This case is before us based solely upon the allegations of the original and supplemental petitions and documents attached and placed in the record in response to an exception of vagueness.
Factually the allegations of the original and supplemental petitions show that plaintiff was married to Harry H. Hodges, Jr. at Woodville, Miss., on Sept. 21, 1949 and subsequently established their matrimonial domicile in the parish of East Baton Rouge, Louisiana, where it continued to remain until they were separated by judgment of the Family Court in and for.that parish in proceedings entitled “Harry H. Hodges, Jr. v. Joanne Weaver Hodges” hearing Docket No. 6966 of said court, which judgment was rendered on the 11th day of October, 1961 and read and signed on the 13th day of October, 1961; that on July 18, 1957 plaintiff and her husband purchased from the defendant, Harry H. Hodges, Sr., Lot No. 367, Inniswold Estate, Section 3, for the sum of $5000.00 for which plaintiff and her husband executed a note in that amount secured by a mortgage; that certain improvements had been made to the community property and on August 15, 1961, which was the date plaintiff filed her Declaration of Family Home, the property had a fair valuation of approximately $15,000.00; that plaintiff and her husband had lived together as man and wife in the marital domicile until about March 1st, 1961 when plaintiff was forced to leave the matrimonial domicile because of extreme and fierce mental cruelty perpetrated toward her by the defendant, and on March 10, 1961 plaintiff filed a suit, No. 6316 on the docket of the Family Court of East Baton Rouge Parish, for separation against her husband, Harry H. Hodges, Jr., on the ground of intense and extreme physical and mental cruelty, but shortly thereafter the couple reconciled and this separation suit was dismissed.
On June 8, 1961 plaintiff filed suit No: 6590 on the docket of the Family Court for the parish of East Baton Rouge against her husband for separation from bed and board on the ground of extreme cruelty of the defendant. This case was tried on August 15, 1961 and the plaintiff’s suit was dismissed on that date due to failure of proof. On that date plaintiff filed the Declaration of Family Home in accordance with LSA-R.S. 9:2802, which was recorded in the office of the Clerk and Recorder for the Parish of East Baton Rouge, Louisiana, affecting the community property heretofore described.
On August 31, 1961 the defendant, Harry H. Hodges, Jr., executed the act of retro-cession now sought to be annulled in favor of his father, Harry H. Hodges, Sr., allegedly made to satisfy a $5000.00 indebtedness owed to Harry H. Hodges, Sr. by the defendant and the plaintiff and which was duly recorded in the official records of the Parish of East Baton Rouge.
On October 4, 1961 the defendant, Harry H. Hodges, Jr., filed suit, being No. 6966 on the docket for the Family Court of the Parish of East Baton Rouge, against his wife, alleging that she abandoned him on June 8, 1961 and had not returned to the matrimonial domicile since that time. In this suit plaintiff’s husband, Harry H. Hodges, Jr., alleged in Article 4 of his petition for a separation “a mensa et thoro”' the following:
“Petitioner has always conducted himself properly and has been a faithful' and dutiful husband and has done all in his power to make her home happy and comfortable. Notwithstanding, the defendant left and abandoned the matrimonial domicile on June 8, 1961, and has not returned to live with petitioner as man and wife since that date.”
Plaintiff herein answered her husband's-suit for separation and specifically, in answer to Article 4, stated:
“Respondent denies that petitioner has always conducted himself properly and has been a faithful and dutiful husband; *887 and has done all in his power to make her home happy and comfortable, but admits the remaining allegations contained in Paragraph Four (4) of plaintiff’s petition.”
The above answer was filed on October 9, 1961 and on October 11, 1961 judgment was rendered in open court and read and signed on the 13th day of October, 1961 as follows:
‘HARRY H. HODGES, JR. VS JOANNE WEAVER HODGES
Civil No. 6966
The Family Court
Parish of East Baton Rouge
State of Louisiana
“JUDGMENT
“This matter came on for trial after regular assignment of sime, present in Court were Harold E. Powell, Dyer & Powell, attorney for the plaintiff, and Rolfe H. McCollister, McCollister & Belcher, attorney for the defendant, and after hearing the evidence, the law and the evidence being in favor thereof for oral reasons assigned:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment rendered herein in favor of the plaintiff, Harry PI. Hodges, Jr., and against the defendant, Joanne Weaver Hodges, decreeing a separation ‘a mensa et thoro’ from the said defendant.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant, Joanne Weaver Hodges, be awarded the permanent care, custody and control of the minor children of the marriage, subject to rights of reasonable visitation, which said visitation is recognized as being on the 1st and 3rd weekends of each month, beginning on the 3rd weekend of October, 1961, and said visitation beginning at 8:30 A.M. on said Saturday, and ending at 7:30 P.M. on the following Sunday, and further, that plaintiff will be entitled to visitation for a period of three (3) weeks during each summer, beginning with the first three (3) weeks of August, 1962, and continuing for the first three (3) weeks of each August thereafter.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff, Harry H. Hodges, Jr., is condemned to pay unto the defendant, Joanne Weaver Hodges, the sum of Seventy Five ($75.00) Dollars per month, payable in the amounts of Thirty Seven and 50/100 ($37.50), on the 1st and 15th of each month, with the first payment due and payable on or before the 15th day of October, 1961, and further, that the plaintiff, Harry H. Hodges, Jr. will maintain hospitalization insurance covering said children of the marriage.
“JUDGMENT RENDERED in open court this 11th day of October, 1961.
“JUDGMENT READ AND SIGNED this 13th day of October, 1961.
“C. Lenton Sartain,
“Judge, The Family Court”
Counsel for plaintiff contends that this court in considering the exceptions must accept as true the following allegations made in the present suit; and more specifically those parts of the allegations which we have emphasized and we quote:
“5. That your petitioner shows that she and her said husband Harry H. Hodges Jr., lived together as man and wife in the marital domicile as set out hereinabove until on or about March 1, 1961 zvhen your petitioner was forced to leaz/e the matrimonial domicile because of the intense and extreme physical and mental cruelty pwrportrated *888 towards your petitioner by defendant, Harry H. Hodges, Jr.; that your petitioner shows she filed a suit for separation from bed and board on said date while she was residing temporarily away from the matrimonial domicile and that by Judgment of the Honorable Family Court in and for the Parish of East Baton Rouge, Louisiana, under date of August 15, 1961, the petitioner’s suit was dismissed due to failure of proof.
“6. That your petitioner shows that while she was temporarily away from the matrimonial domicile on August 15, 1961, which absence was due to no fault of petitioners, she filed a Declaration of Family Home in accordance with Louisiana R.S. 9:2802. * * * ?.
“7. That petitioner shows that she left many of her personal effects and property at the family home when she was forced to leave; that she intended to return to the family home whenever it became tenable; that no other family home was established; that she had not abandoned the family home.” (Emphasis added.)
Also plaintiff has alleged in the present suit that although in the act of retrocession the transfer was allegedly made to satisfy a $5000.00 indebtedness owed to Harry H. Hodges, Sr., in truth and in fact the transfer was made in an effort to defraud her of her interest in the property, and it was a conspiracy between Harry H. Hodges, Jr. and Plarry H. Hodges, Sr., to illegally deprive the plaintiff of her property.
Both parties cite Reymond v. Louisiana Trust and Savings Bank, 177 La. 409, 148 So. 663, and Mallouf v. Fontenot, Sheriff et al., 170 La. 612, 128 So. 652. Both cases were decided by the Supreme Court of Louisiana.
In the Mallouf case, supra, the husband had deserted his wife and five minor children, had abandoned the matrimonial domicile or home and gone to Syria, whereupon the wife made a designation and declaration of the home property as a family home which she caused to be duly recorded in the Parish records, all as provided by Act' 35 of 1921 (Ex.Sess.). In this case there-was no question raised as to the right of the wife to make the Declaration of Family Home under the facts. The main question in this case was whether an alleged holder of notes given for the purchase price of the home was entitled to sell the property under executory process to satisfy his alleged' claim. The defense by the wife was payment which the court held the wife had successfully proven, and enjoined the proceedings which judgment was affirmed by the Supreme Court.
In the Reymond case, supra, the husband' and wife had purchased a family home and occupied it as such until approximately Nov. 24, 1928 when the plaintiff’s husband abandoned her without cause and since that time-they had lived apart. After the abandonment by the husband, the plaintiff-wife continued to occupy the premises as a home-until February of 1930 when the property was sold under a foreclosure proceeding-instituted by a homestead association to-enforce its mortgage.
On November 24, 1928 the plaintiff wife-filed and recorded in the conveyance records-of East Baton Rouge Parish, where the-property was situated, a description of the property, together with an authentic declaration that she and Dalton S. Reymond were married and designating said property as a family home. The husband, not having previously filed such a declaration, all1 as provided by Act 35 Ex.Sess. of 1921,, page 38.
On March 9, 1929, approximately 5 months after the plaintiff wife had filed and recorded the declaration of family home, the husband, without the wife’s knowledge and consent, executed a mortgage on the property for $17,160.00, making the mortgage and notes payable to the order of any future holder. The notes were pledged as collateral to the defendant bank to secure a *889 pre-existing debt due by the husband to the bank.
The plaintiff wife alleged that in making this mortgage, which was second to that held by the homestead association, the husband acted in collusion with the bank, his purpose being to defraud her and to defeat her homestead rights and such rights in the property as were secured by virtue of her declaration filed and recorded according to the provisions of Act 35, Ex.Sess.1921.
When the property was sold under foreclosure by the Jefferson Homestead Association on Feb. 1, 1930, the defendant bank,-holder of the second mortgage notes, purchased it at $8075.00 which was approximately $3000.00 in excess of the amount due the homestead association. 'The defendant paid to the sheriff the amount due the homestead association and retained the excess and applied it as a ■credit on the second mortgage notes.
When the property was sold, the plaintiff wife was forced to vacate and she alleged that at the time she filed the declaration -she had no other home and no other property, that she was then and at the time the property was sold and is now destitute and wholly dependent upon her husband for .-support.
The Court, after a consideration of the -exception of no cause of action which had been sustained by the trial judge grounded upon the proposition that Mrs. Reymond, the wife, was not the head of the family •and had no one dependent upon her for ■support and could not, for these reasons, -claim the benefit of the homestead exemption granted by Article 11 of the LSA-Constitution, held that the Constitutional provision and Act 35 of 1921 must be read and -construed together, and when that is done “the conclusion is inescapable that when a married woman, who is otherwise destitute ■and whose husband is entitled under the ‘Constitution to claim the benefit of the exemption but who fails and refuses to avail himself of that benefit, avails herself of the privilege granted by the act, she then has a vested right or interest in the home or homestead which cannot be divested under any process without her consent”.
The court then proceeded to specifically hold that the mortgage which had been made in contravention of prohibitory law was therefore null, and it followed that the defendant bank was holding the excess of the purchase price of the property over and above the amount paid to the sheriff in satisfaction of the first mortgage without the vestige of legal right, and the question then presented to the court was whether the plaintiff wife, might, under the circumstances, recover this amount or such part thereof as she had claimed. In discussing this question, the Court stated:
“Counsel for the bank in the present case calls attention to the fact that the designation of the home may be made by ‘his wife, who shall be living with her husband,’ and they point out that according to Mrs. Reymond’s allegations, she was not living with her husband when she made and filed the declaration. She alleged that her husband had abandoned her but that she continued to occupy the premises as a home. The fact that her husband had abandoned her did not preclude the filing of the declaration. She was living with her husband under the intendment of the act, not being separated from him by judgment a mensa et thoro and not havmg abandoned him or the family home. The situation was precisely the same in the Mallouf Case, where the husband abandoned the wife long prior to the date on which she filed her designation.
“Counsel for the bank, appellee, cite the very recent cases of Planters’ Bank & Trust Co. v. Savant, 172 La. 464, 134 So. 394, and Brantley v. Pruitt, 175 La. 879, 144 So. 604, in each of which it was held that in order that a debtor might successfully claim the benefit of *890 the homestead ' exemption, he must prove the following indispensable conditions :
“(a) He must be the bona fide owner of the land,
“(b) He must occupy the premises as a residence,
“(c) He must have a family or person or persons dependent upon him for support, and,
“(d) The property must not exceed in value $2000.
“Counsel stress the point that the person claiming the exemption must be the head of a family or have some person or persons dependent upon him for support. In the cases cited, the exemption was claimed on the ground that the claimant was the head of a family and had dependents.
“In the case at bar, plaintiff does not seek to recover on either the ground that she is the head of a family or that there are persons dependent upon her for support. She is asserting her rights in the family home or its proceeds as a dependent wife in default of the exercise of that right by her husband in her behalf, under the Constitution and the act of 1921.
“It is suggested that if she succeeds, the amount she recovers will have to be turned over to her husband as head and master of the community. If that be true, that fact does not bar her action. But she alleges that in so far as her husband is concerned, he has abandoned the home and therefore, forfeited his right to claim the exemption. Whether he has abandoned the home or not is a question of fact which will have to be proved on the trial.” (Emphasis added)
Both counsel agree with the first emphasized portion of the above quote and therefore agree with the reverse thereof that it is clear that the wife is not living, with the husband within the intent of the act if she is separated from him by judgment “a mensa et thoro” or has abandoned him or the family home.
Counsel for the plaintiff takes the position in argument and brief that “The plaintiff has specifically alleged that she had not abandoned the family home; that she had left many of her personal effects and property at the family home when she was forced to leave; that she intended to return to the family whenever it became tenable; and that she had not established any other family home. These allegations of fact must be accepted as true for the purposes of this exception.”
Counsel for the defendant contends the exceptions must be decided not only upon the pleadings alone but upon the documents declared upon the pleadings and made a part thereof in compliance with an exception of vagueness and that the suit of “Harry H. Hodges, Jr. v. Joanne Weaver Hodges,” bearing Docket No. 6966 of the Family Court with its pleadings, including the answer of defendant and the judgment in that suit are a part of the record which must be considered in deciding the' exceptions. This was the suit by the husband, who is the defendant in the present case, against the plaintiff for a separation on the ground of abandonment, and we have quoted Article 4, supra, which specifically set forth that “petitioner has always conducted himself properly and has been a faithful and dutiful husband and has done all in his power to make her home happy and comfortable. Notwithstanding, defendant left and abandoned the matrimonial domicile on June 8, 1961 and has not returned to live with petitioner as man and wife since that date.”
In Answer to Article 4, the defendant wife, plaintiff herein, denied that her husband had always conducted himself properly and had been a faithful and dutiful husband and had done all in his power to make her home happy and comfortable “but *891 admits the remaining allegations contained in Paragraph Four (4) of plaintiff’s petition.”
The judgment shows that the case was tried, after regular assignment, and that the defendant therein, plaintiff wife, herein, was represented by counsel, and on the issues presented by the pleadings a final judgment was rendered in favor of the plaintiff, Harry H. Hodges, Jr., defendant therein, and against the defendant, Joanne Weaver Hodges, plaintiff herein, decreeing ■a separation “a mensa et thoro” from the said defendant.
There was evidently no appeal from this judgment and it becomes the final judgment of the Family Court which had full and complete jurisdiction of the subject matter and the parties and is res judicata to the issues presented therein and specifically that plaintiff herein, defendant in that suit, had left and abandoned the matrimonial domicile and the plaintiff therein, defendant herein, Harry H. Hodges, Jr., her husband, on June 8, 1961 and had not returned to the matrimonial domicile or lived with her husband as man and wife since June 8, 1961.
Counsel for the plaintiff cites no authorities to substantiate his apparent position that this court should ignore the suit record in the separation suit between Harry H. Hodges, Jr. and his wife, Joanne Weaver Hodges, bearing No. 6906 of the Family Court and declared upon in the plaintiff’s petition and made a part of the record in response to an exception of vagueness without any objection. In this regard we note that LSA-C.C.P. Article 8S3 provides in part as follows: “A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.” The reporter’s comments to said article contain the following statement: “Annexing a copy of a written instrument to a pleading, with the recital that it is made a part thereof for all purposes, has been a procedural device successfully employed in Louisiana for many years. Tremont Lumber Co. v. May, 143 La. 389, 78 So. 650 (1918). The last sentence of this article makes unnecessary any specific recital that the written instrument is made a part of the pleading.” In the present case the supplemental and amending petition filed in this present matter contains the following statement: “Said Family Court proceeding (sic) made a part hereof by reference thereto.”
Counsel for plaintiff in brief states that the wife in her answer to this suit only admitted that she had left the home on June 8, 1961 but did not admit that she left without cause; that the separation suit was actually an uncontested matter, and the question of whether she had cause to leave the family home was not actually disputed by her on the trial of the proceedings and that this course of action in a separation suit cannot be used to bar her from asserting her rights to the family home, and the question of abandonment has not been decided for the purpose of property rights because the issues were not the same in the separation suit as they are in this proceeding. The point is that the husband on the trial of the case evidently must have proved that his wife, plaintiff herein, had abandoned the matrimonial domicile and him without cause on June 8, 1961 and had not returned. Further the judgment does not bear out that it was an uncontested matter for she filed an answer, was represented_ by counsel at the trial and “after hearing the evidence, the law and the evidence being in favor thereof, for oral reasons assigned” judgment was rendered in favor of the plaintiff. This judgment foreclosed the question of abandonment of the matrimonial domicile and the husband by the plaintiff herein from June 8, 1961 to the date of the trial, which would include the date upon which she filed the declaration. The allegations which plaintiff argued that this court must accept as true are in direct conflict with the final judgment of a competent court and the latter must govern in considering the exceptions.
*892 In view of the fact that the pleadings and documents annexed prove that the plaintiff had abandoned her husband and the home prior to the date of the filing of the “declaration”, she was not entitled to file the same and the judgment of the lower court sustaining the exceptions and ordering the cancellation of the “declaration” from the official records and dismissing plaintiff’s suit as to the defendant-appellee, Harry H. Hodges, Sr., was correct.
Counsel for plaintiff in his brief contends that the act of retrocession was a conveyance inter vivos by a gratuitous title in direct violation of LSA-Civil Code Article 2404 and for that reason it should be rescinded. Counsel very frankly answers this contention adversely by citing the case of Thigpen v. Thigpen, 231 Ala. 206, 91 So.2d 12, in which he correctly states in his brief that “the court held that the wife, who has sustained injury by a conveyance of community property in fraud of her rights, does not have a right of action for rescission of the transaction, such as the revoca-tory action available to creditors for the purpose of setting aside the fraudulent conveyances of their debtors.” He attempted to distinguish the cited case from the one at bar on the ground that in the former there was no declaration of family home and therefore, if it is found in this case that there was a valid declaration of home filed, then the plaintiff would be entitled to have the act of retrocession rescinded. We cannot consider this contention or the additional one made in his brief that this act of retrocession is nothing more than a form of “dation en paiement” which, in general, “is subjected to all the rules which govern the ordinary contract of sale. This being the case, it would seem clear that under Article 2589 of the Louisiana Civil Code, this transfer which was made to Harry H. Hodges, Sr., should be rescinded because under the allegations of fact contained in plaintiff’s petition, the transfer was made for less than half the value of the property,” as neither ground was set up in the petition nor covered by the prayer, and as stated by the Supreme Court of the State of Louisiana in Bourgeois v. Bourgeois, 202 La. 578, 12 So.2d 278, at page 281: “We cannot go beyond the plaintiffs’ pleadings and give them a relief different from that for which they prayed.”
For the above and foregoing reasons the judgment of the District Court is affirmed.
Affirmed.